## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IVORI VAZQUEZ-BELTRAN,** | § | |
| **#49871-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-2993-N-BK** |
| | § | **(CRIMINAL NO. 3:15-CR-336-N-3)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United

States magistrate judge for judicial screening.  Petitioner, a federal prisoner, filed a *pro se* motion

to vacate sentence under 28 U.S.C. § 2255.  Doc. 1.  She seeks a sentence reduction for minor

role in the criminal activity.  Upon review of the relevant pleadings and law, and for the reasons

that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH**

**PREJUDICE**. [1]

### I. BACKGROUND

On December 1, 2015, Petitioner pled guilty to conspiracy to possess with intent to

distribute methamphetamine and, on August 15, 2016, was sentenced to 97 months'

imprisonment.  Crim. Doc. 94; Crim. Doc. 151.  She did not file a direct appeal.  In the sole

ground alleged in this timely section 2255 motion, Petitioner claims she should have received a

role adjustment for minor or minimal participation under United States Sentencing Guideline

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District
Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior
proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and
direct the clerk to notify the moving party.").

section 3B1.2, as clarified by Guideline Amendment 794.[2]  *See* Doc. 1 at 2, 5.  She requests that her sentence be reduced because she was less culpable than the other participants in the criminal activity.  Doc. 1 at 4.  In support, Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 was a "clarifying amendment," and therefore applied retroactively on direct appeal.  *Quintero-Leyva*, 823 F.3d at 522-23.  Doc. 1 at 1.  That holding is inapposite here, however, since Petitioner seeks collateral, rather than direct review. In any event, Petitioner's objection to the calculation of the sentencing guidelines is not cognizable in a section 2255 action.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir.  1991) (*en banc*)).  "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed.  Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citation omitted); (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).[3]

---

[2] Amendment 794, which became effective on November 1, 2015, did not alter the text of U.S.S.G. § 3B1.2, but merely clarified that the court should compare the defendant's role to that of the other participants in the criminal activity at issue, and not to that of participants in other, similar crimes.  USSG §3B1.2, comment 3(A).

[3] The record reflects Petitioner did not object to the conclusion in the presentence investigation report (PSR) that no adjustment for role in the offense was warranted, or to the Court's adoption

## III. RECOMMENDATION

Because Petitioner's challenge to the application of the Sentencing Guidelines is not

cognizable in a section 2255 motion, it is recommended that the motion to vacate sentence under

28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the Rules

Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** November 30, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

of the PSR "without change."  Crim. Doc. 119-1 at 8 (PSR ¶ 28); Crim. Doc. 152 at 1 (Statement
of Reasons).