IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVORI VAZQUEZ-BELTRAN, §<br>#49871-177, §<br>　　　　Petitioner, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>　　　　Respondent. § | | CIVIL NO. 3:16-CV-2993-N-BK<br>(CRIMINAL NO. 3:15-CR-336-N-3) |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's pro se motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for judicial screening. The undersigned recommended that the section 2255 be summarily dismissed, Doc. 3, but in her objections to the recommendation, Doc. 4, as liberally construed, Petitioner raised a new claim of ineffective assistance of counsel. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that Petitioner's new claim likewise be denied and that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

On December 1, 2015, Petitioner pled guilty to conspiring to possess methamphetamine with intent to distribute and, on August 15, 2016, was sentenced to 97 months' imprisonment. Crim. Doc. 94; Crim. Doc. 151. Petitioner did not file a direct appeal, but filed a timely section 2255 motion, seeking a sentence reduction for minor or minimal role in the criminal activity

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

under United States Sentencing Guideline § 3B1.2, as clarified by Guideline Amendment 794.[2] Doc. 1. On November 30, 2016, the undersigned recommended that the section 2255 be summarily dismissed because misapplication of the Sentencing Guidelines is not cognizable in a section 2255 motion. Doc. 3. In her objection to that recommendation, Petitioner raises for the first time a claim of ineffective assistance of counsel at sentencing. Specifically, she asserts counsel "did not advise her of this minor role or that she would be applicable for the reduction." Doc. 4 at 2. Relying on *Strickland*, she avers that counsel had the duty to ensure "that his client receive any reduction/benefits." *Id.* In light of Petitioner's *pro se* status, the Court liberally construes her objections as a request for leave to amend to raise a claim of ineffective assistance of counsel, and grants the same. Thus, the motion to vacate sentence, as supplemented, is now ripe for review.

## I. ANALYSIS

Petitioner seeks relief under section 2255 based on the ineffective assistance of counsel at sentencing. Doc. 4 at 2. Liberally construed, she claims that her attorney was ineffective for failing to move for an offense-level adjustment under U.S.S.G. § 3B1.2 based on Petitioner's alleged role as a minor or minimal participant in the offense.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance

---

[2] Amendment 794, which became effective on November 1, 2015, did not alter the text of U.S.S.G. § 3B1.2, but merely clarified that the court should compare the defendant's role to that of the other participants in the criminal activity at issue, and not to that of participants in other, similar crimes. USSG §3B1.2, comment 3(A).

or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

Section 3B1.2 of the U.S.S.G "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A). According to the commentary, to be entitled to an adjustment as a minimal participant, Petitioner had to prove that she played "a minimal role in the criminal activity," here a conspiracy to distribute methamphetamine. *See* U.S.S.G. §3B1.2, comment. (n.4). Specifically, Petitioner needed to establish that she was "plainly among the least culpable" and that she lacked the "knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* On the other hand, to qualify as a minor participant, Petitioner had to show that she was "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), App. 5. However, "the fact that other co-defendants were more culpable does not automatically qualify a defendant for either minor or minimal participant status." *United States v. Atanda,* 60

3

F.3d 196, 198 n. 1 (5th Cir. 1995). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *United States v. Thomas*, 690 F.3d 358, 375-376 (5th Cir. 2012) (quotations and quoted case omitted). Here, Petitioner cannot demonstrate counsel's deficient performance or resulting prejudice because the evidence simply does not support her contention that she was eligible for either the minimal- or minor-participant adjustment.

In her factual resume, the veracity of which she affirmed under oath, Petitioner admitted to conspiring to possess with intent to distribute methamphetamine. Crim. Doc. 83 at 2. Petitioner judicially confessed that she was personally responsible for distributing 12 kilogram of methamphetamine and that, after her arrest, federal agents found six more kilograms of methamphetamine in her motel room along with $110,000 in drug proceeds. Crim. Doc. 83 at 2-3. Additionally, the presentence report ("PSR") indicates that she supplied the confidential informant (CI) a one-kilogram sample on July 10, 2015, and 11.9 kilograms on July 16, 2015. Crim. Doc. 119-1 at 5-6, PSR ¶¶ 13-14. Moreover, based on the totality of the circumstances and the factors discussed *infra*, Petitioner actively participated in coordinating drug transactions. *See* U.S.S.G. §3B1.2, comment. (n.3(C)) (whether a mitigating role adjustment applies is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case).

According to the PSR, which was accepted without change at sentencing, Petitioner understood the scope and structure of the criminal activity, when she quoted the CI a price of $10,000 per kilogram of methamphetamine and advised she would be able to provide 12 kilograms of methamphetamine. Crim. Doc. 119-1 at 5, PSR ¶ 13; *see* U.S.S.G. § 3B1.2, comment. (n.3(C)(i)) (degree to which defendant understood scope and structure of criminal

4

activity).  Petitioner also participated in planning and/or organizing the criminal activity when she set up the first meeting with the CI in a Fiesta Mart parking lot.  Crim. Doc. 119-1 at 5, PSR ¶ 13; U.S.S.G. §3B1.2, comment. (n.3(C)(ii) (degree to which defendant participated in planning or organizing criminal activity).  At the meeting, she advised that she had a total of 42 kilograms to sell and would be returning to Mexico to pick up an additional 200 kilograms.  Crim. Doc. 119-1 at 5-6, PSR ¶ 13; *see* USSG §3B1.2, comment. (n.3(C)(iv)) (nature and extent of defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts).  Petitioner then provided the CI a one-kilogram sample of methamphetamine.  Crim. Doc. 119-1 at 5-6, PSR ¶ 13.

Subsequently, on July 16, 2015, Petitioner exercised decision-making authority when she coordinated a meeting place with the CI and later requested to change the location.  Crim. Doc. 119-1 at 6, PSR ¶ 14; *see* U.S.S.G. §3B1.2, comment. (n.3(C)(iii)) (degree to which defendant exercised decision-making authority or influenced exercise of decision-making authority).  Lastly, Petitioner admitted to the probation officer during her presentence report interview that she committed the instant offense "so [she] did not have to ask [her] daughter's father and [her] family for money."  Crim. Doc. 119-1 at 7, PSR ¶ 21.  This admission confirms that Petitioner stood to benefit from her involvement in the criminal activity at issue in this case.  *See* U.S.S.G. §3B1.2, comment. (n.3(C)(v)) (degree to which defendant stood to benefit from criminal activity).

These facts plainly refute Petitioner's contention in the section 2255 motion that she was not involved in the conspiracy to distribute drugs.  Contrary to her assertions, all five factors demonstrate that Petitioner's involvement in the offense was more than "minimal" or "minor"

and that she was not "substantially less culpable than the average participant in the criminal activity." *See United States v. Castro*, 843 F.3d 608, 612-614 (5th Cir. 2016) (addressing revisions implemented by Amd. 794); *United States v. Torres-Hernandez*, 843 F.3d 203, 207-210 (5th Cir. 2016) (same).

Because Petitioner would not have been eligible for an offense-level reduction under § 3B1.2, defense counsel was not ineffective for failing to seek such an adjustment. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (counsel is not ineffective for failing to raise a frivolous objection); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (explaining that "[a]n attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); *see also United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (*per curiam*) (same as to meritless guideline objection). For the same reason, Petitioner has wholly failed to establish that, but for counsel's failure to seek an offense level reduction for Petitioner's minor or minimal role, "the result of the proceeding would have been different." Accordingly, Petitioner's claim of ineffective assistance of counsel at sentencing fails.

### III. RECOMMENDATION

For the foregoing reasons, and those stated in the *Findings, Conclusions and Recommendations of the United States Magistrate Judge* issued November 30, 2016, Doc. 3, the motion to vacate sentence under 28 U.S.C. § 2255 should be summarily **DISMISSED WITH**

**PREJUDICE**. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** February 7, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE